IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF POFF,

              Plaintiff,

v.

JOLINDA WATERMAN, SANDRA MCARDLE,
DR. SALAM SYED, JESSE BEAVER, TIM DETERS,
JAIME GOHDE and JANE DOE,

              Defendants.

ORDER

18-cv-563-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jeff Poff is proceeding on an Eighth Amendment claim that staff at the Wisconsin Secure Program Facility and the Columbia Correctional Institution failed to provide him adequate medical care for his injured knee. Before the court is plaintiff's "motion for directed verdict," dkt. #30, in which he seems to be seeking a remedy for objections he has to discovery responses submitted by defendant Jolinda Waterman, dkt. #27, on January 10, 2019. Specifically, plaintiff asked defendants to identify the staff person who responded to 13 different health service requests that he made. In her response to the discovery request, Waterman stated that there are no health service request responses in plaintiff's record on the dates he listed. Dkt. #27. Plaintiff contends that because he has copies of at least some of these responses (which he has attached to his motion), defendants are either hiding or destroying evidence, and he cannot trust them to respond to his discovery requests. Dkt. #30 at 2-3.

1

As an initial matter, a motion for directed verdict, which is more appropriately termed a motion for judgment as a matter of law under Fed. R. Civ. P. 50(a), is not proper before the parties have had an opportunity to present evidence at trial. Alexander v. Mount Sinai Hospital Medical Center, 484 F.3d 889, 902 (7th Cir. 2007) (court cannot grant judgment as matter of law until party has been fully heard on issue at trial and there is no legally sufficient evidentiary basis for reasonable jury to find for party on specific issue). See also Tokh v. Water Tower Court Home Owners Association, 327 Fed. Appx. 630 (7th Cir. 2009) (Rule 50 motion inapplicable at summary judgment because rule presumes jury trial has begun and nonmoving party has finished presenting evidence). Therefore, plaintiff's motion for a directed verdict will be denied.

With respect to plaintiff's concerns about missing documents, defendant Waterman responds only that plaintiff never contacted her counsel in an attempt to explain his objections or resolve the dispute, as he was required to do before seeking relief from the court. Fed. R. Civ. P. 37(a) (plaintiff must first "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). As explained in the pretrial conference order, dkt. #26 at 11, "if the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly, but the court does not require this if it would be a waste of time." In this instance, a review of the documents filed by the parties shows that there may be some confusion or misunderstanding that can be resolved by the parties without court intervention.

Plaintiff has attached what appear to be copies of health service request responses that Waterman did not locate in plaintiff's medical record. Contrary to plaintiff's assertions, I cannot assume from this fact alone that Waterman destroyed or ignored adverse evidence. There may be some other explanation for why the health service request responses are not part of plaintiff's record. Now that defendants have copies of the records that plaintiff wants them to interpret, it is possible that defendants may be able to locate the original documents in his file, or at least be able to respond to plaintiff's discovery requests about the identity of the staff members signing the forms in question.

Accordingly, I will ask defendant Waterman to review plaintiff's submissions and amend her response to plaintiff's request to identify John and Jane Doe defendants, explaining if possible why the records in question are not in plaintiff's medical record.

ORDER

IT IS ORDERED that

1. Plaintiff Jeff Poff's motion for a directed verdict, dkt. #37, is DENIED.

2. Defendant Jolinda Waterman shall have until March 13, 2018 within which to amend her responses to plaintiff's request to identify John and Jane Doe defendants in accordance with this order.

Entered this 28th day of February, 2019.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge