IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF POFF,

                    OPINION AND ORDER

      Plaintiff,

                    18-cv-563-bbc

  v.

JOLINDA WATERMAN, SANDRA MCARDLE,
DR. SALAM SYED, JESSE BEAVER,
TIM DETERS, JAMIE GOHDE,
DENISE VALERIUS, LAURA WOOD,
JAMIE STROEDE, TRISHA ANDERSON,
CANDACE WARNER and ANGELICA ROWIN-FOX,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jeff Poff, who is incarcerated at the Wisconsin Secure Program Facility, is proceeding on an Eighth Amendment claim that staff at that institution and the Columbia Correctional Institution, where he was previously incarcerated, failed to provide him adequate medical care for his injured knee. Before the court is plaintiff's motion for a preliminary injunction. Dkt. #60. For the reasons stated below, the motion will be denied.

OPINION

Plaintiff explains in his short motion for preliminary injunctive relief that defendants have ignored his severe sinus infection for six months, that he threatened to go on a hunger strike on April 1, 2019 because security staff refused to allow him employment or participation in any programs despite exhibiting good behavior and that defendant Jolinda

1

Waterman threatened to force feed him if he went on a hunger strike. Plaintiff asks the court to order his transfer to a different institution because he fears that his life is in jeopardy with defendant Waterman in charge of his healthcare.

First, plaintiff's motion is procedurally defective because it fails to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to plaintiff with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff has not submitted proposed findings of fact or any evidence to support those findings.

Second, even if plaintiff's motion were not facially flawed, I would deny it on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff's problem is that the conduct he is complaining about is not included in his current claims, which relate to defendants' failure to provide adequate treatment for his knee pain in 2017 and 2018. Further, because his complaints regarding a sinus infection and the denial of employment and participation in prison programs are wholly unrelated to the denial of care for his knee, he may not included them in this lawsuit. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Accordingly, I conclude that he is not entitled to emergency injunctive relief.

ORDER

IT IS ORDERED that plaintiff Jeff Poff's motion for a preliminary injunction, dkt. #60, is DENIED.

Entered this 22d day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge