IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF POFF,

                                        OPINION AND ORDER

            Plaintiff,

                                        18-cv-563-bbc

     v.

JOLINDA WATERMAN, SANDRA MCARDLE,
DR. SALAM SYED, JESSE BEAVER,
TIM DETERS, JAMIE GOHDE,
DENISE VALERIUS, LAURA WOOD,
JAMIE STROEDE, TRISHA ANDERSON,
CANDACE WARNER and ANGELICA ROWIN-FOX,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jeff Poff, who is incarcerated at the Wisconsin Secure Program Facility, is proceeding on an Eighth Amendment claim that staff at that institution and the Columbia Correctional Institution in which he was previously incarcerated, failed to provide him adequate medical care for his injured knee. Before the court is defendants' motion for partial summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit with respect to his claims that certain defendants failed to provide him with crutches or a wheelchair. Dkt. ##46 and 50. (Defendant Sandra McCardle initially filed the motion and the court later granted the remaining defendants' request to join the motion.) For the reasons explained below, I am granting the motion and dismissing plaintiff's Eighth Amendment claims that defendants denied his requests for a wheelchair and crutches.

1

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code Ch. DOC 310. Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Because failure to exhaust is an affirmative defense, it is up to defendant to establish that plaintiff had available remedies that were not exhausted. Jones v. Bock, 549 U.S. 199, 216 (2007); Wilder v. Sutton, 310 Fed. Appx. 10, 13 (7th Cir. 2009).

Plaintiff was granted leave to proceed on several claims that he was denied proper medical care for his knee, including two claims that involved the denial of plaintiff's requests for a wheelchair or crutches: (1) the health services manager at Columbia Correctional Institution (later identified by plaintiff as Jesse Beaver, dkt. #28) failed to respond adequately to plaintiff's complaints about being in continual pain, needing crutches or a wheelchair to help him walk and needing to see a doctor after he injured his knee on January

2

31, 2017, stating only that plaintiff was on the list to see a doctor; and (2) a health services unit staff member at the Wisconsin Secure Program Facility failed to help plaintiff or give him crutches or a wheelchair after plaintiff complained that the topical medication McArdle had prescribed in August 2017 was not working.

Defendants have submitted copies of plaintiff's inmate complaint history report and several inmate complaints that plaintiff filed in 2017 and 2018, all of which show that plaintiff did not complain about needing or being denied a wheelchair or crutches in 2017. Wis. Admin. Code. § DOC 310.09 (inmate must file complaint with inmate complaint examiner within 14 calendar days after occurrence giving rise to complaint). Although plaintiff admits that he did not state specifically in an inmate complaint that defendants denied him crutches or a wheelchair, he points out that in November 2017, he complained about "being denied adequate medical treatment," having "extreme pain" and not being able to walk.

In determining whether the content of a grievance is sufficient to exhaust a claim, the prison's own rules provide the relevant standard. Jones, 549 U.S. at 218 ("Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust' . . . . [I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Wisconsin's rules say that "[a] complaint must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin Code § DOC 310.07(6). This is similar to the default rule adopted by the Court of Appeals for the

3

Seventh Circuit, which held that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002).

A review of the inmate complaints attached to defendants' motion shows that in November 2017, plaintiff complained about a lack of adequate medical treatment, particularly with respect to being denied surgery and pain medication. However, plaintiff filed his grievances well after the expiration of his 14-day deadline for filing a complaint related to the denial of his requests for a wheelchair or crutches, which occurred months earlier. Dkt. #48-2 at 14-17 and 25-29. Because the grievances were untimely with respect to the wheelchair and crutches claims, plaintiff did not properly exhaust those claims. In addition, a reasonable jury would not conclude that plaintiff gave the inmate complaint examiner sufficient information in the grievances to allow the examiner to investigate plaintiff's claims that medical staff denied plaintiff's requests for a wheelchair and crutches. Accordingly, I conclude that plaintiff has failed to exhaust his administrative remedies as to those claims and will dismiss them without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that the motion for partial summary judgment filed by defendant Sandra McCardle, dkt. #46, and joined by the remaining defendants, dkt. #50, is GRANTED. Plaintiff's claims that defendants violated the Eighth Amendment by denying

his requests for a wheelchair and crutches are DISMISSED without prejudice for a failure to exhaust his administrative remedies.

Entered this 28th day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge