IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF POFF,

                                                      OPINION AND ORDER

              Plaintiff,

                                                      18-cv-563-bbc

   v.

JOLINDA WATERMAN, SANDRA MCARDLE,
DR. SALAM SYED, JESSE BEAVER, TIM DETERS,
JAIME GOHDE, DENISE VALERIUS, LAURA WOOD,
JAMIE STROEDE, TRISHA ANDERSON, ANGELICA
ROWIN FOX and CANDACE WARNER,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jeff Poff is proceeding on an Eighth Amendment claim that staff at the Wisconsin Secure Program Facility and the Columbia Correctional Institution failed to provide him adequate medical care for his injured knee. Two motions are before the court: (1) plaintiff's second motion for court assistance in recruiting counsel, or in the alternative, his request for an extension of his deadline for responding to defendants' motions for summary judgment so that he can find someone to help him, dkt. #166; and (2) defendants' motion to extend their deadline for making disclosures under Fed. R. Civ. P. 26(a)(2). Dkt. #164. For the reasons below, I am denying without prejudice plaintiff's motion for court assistance in recruiting counsel, giving plaintiff until November 12, 2019 to file his response to defendants' motions for summary judgment and giving defendants until December 23, 2019 to make their Rule 26(a)(2) disclosures.

1

OPINION

A. Plaintiff's Motion

In my June 11, 2019 order denying plaintiff's first request for court assistance in recruiting counsel, dkt. #87, I explained that even though plaintiff was indigent and could not afford a lawyer, he had not shown that he made reasonable efforts on his own to find a lawyer to represent him or that his recent "mental health breakdown" limited his abilities to such an extent that he could not prosecute his case on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007); Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Plaintiff now adds that his jailhouse lawyer is no longer available to help him and that he suffers from post traumatic stress disorder and concentration difficulties. Most of plaintiff's arguments are the same arguments he made in his previous motion, including that he has no legal experience, has limited literacy skills and has relied completely on the assistance of another inmate. However, even with plaintiff's additional information, I am not persuaded that plaintiff needs counsel at this stage in the case. Plaintiff still has not provided any further evidence of his efforts to find a lawyer to represent him, and I have not seen anything drafted by plaintiff himself to suggest that he cannot understand what is required of him in litigating this case.

Accordingly, I am denying plaintiff's motion without prejudice. If plaintiff's claims survive summary judgment, then plaintiff is free to renew his motion. I will grant plaintiff a short extension of his deadline for filing his responses to defendants' motions for summary judgment. Defendants object to the extension, arguing that plaintiff filed his responses

within a week of them filing their motions. However, plaintiff's "responses" were simple paragraph statements that plaintiff would be relying on the proposed findings of fact that he made in support of his own motion for summary judgment, dkt. #107, which is also before the court. Dkts. ##160-63.

B. Defendants' Motion

Defendants ask for another 60 days within which to disclose their expert witnesses under Federal Rule of Civil Procedure 26(a)(2). They explain that they have not yet received an executed release form from plaintiff for one of his medical providers and will need extra time to follow up with plaintiff and forward his records to their expert witness for review. I will grant the motion.

ORDER

IT IS ORDERED that

1. Plaintiff Jeff Poff's motion for court assistance in recruiting counsel, dkt. #166, is DENIED without prejudice. Plaintiff shall have until November 12, 2019, within which to file his responses to defendants' motions for summary judgment. Defendants will have until November 22, 2019 to reply.

2. Defendants' motion to extend their deadline for making disclosures pursuant to Fed. R. Civ. P. 26(a)(2), dkt. #164, is GRANTED.  Defendants shall have until December 23, 2019 to make their Rule 26(a)(2) disclosures.

Entered this 21st day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge